UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CASE NUMBER: 05-80025
                                               HONORABLE VICTORIA A. ROBERTS

v.

D-2 NORMAN DUNCAN,

        Defendant.

_____/

# ORDER

## I. INTRODUCTION

This matter is before the Court on the Government's motion in limine to exclude use and mention of polygraph evidence during trial (Doc. 793).

The Government's motion is **DENIED** in part; the Court **RESERVES RULING** in part.

## II. BACKGROUND AND ANALYSIS

On October 26, 2005, Defendant Norman Duncan was indicted in the Eastern District of Michigan for his role in a 2001 armed robbery and murder of a guard at the Dearborn Federal Credit Union (DFCU), and a 2003 armed robbery of a Comerica Bank located at 13400 W. Chicago, Detroit.

The Government wishes to preclude Defendant from presenting or mentioning polygraph evidence during trial, including using the terms "polygraph," "lie detector test," or any variation thereof. In particular, the Government seeks to preclude evidence of polygraph tests taken by Defendant, co-conspirators, and individuals believed to be

involved in the crime.  The Government also asks the Court to prohibit Defendant from questioning witnesses regarding whether or not polygraphs were offered, or administered, and the results of those tests.

The Government concedes that polygraph evidence is not categorically inadmissible, but argues that it should be excluded because it is inherently unreliable, and because its admission under Rule 702 would require the Court to conduct a *Daubert* evidentiary hearing to assess its reliability, distracting the jury from core issues in the case.  The Government also argues that any polygraph evidence may not even be relevant; it is up to the jury to make credibility determinations.  Lastly, the Government says that even if polygraph evidence is relevant, it should be excluded under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice.

Defendant says the Court has discretion to admit evidence of a party's willingness to take a polygraph examination, and that polygraph evidence may be admissible if it is relevant to the proof established by the probative evidence.  Defendant also says that the Court, at a minimum, should make a determination of admissibility on a case-by-case basis.

"Generally, the results of polygraph examinations are inadmissible into evidence." *United States v. Barger*, 931 F.2d 359, 370 (6th Cir. 1991).  The Sixth Circuit has repeatedly expressed concerns about polygraph result's inherent unreliability.  *Id.* However, "[i]n limited circumstances, evidence of a party's willingness to submit to a polygraph may, within the discretion of the trial court, become admissible if it is relevant at trial." *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993) (citing *Wolfel v.*

*Holbrook*, 823 F.2d 970, 972 (6th Cir. 1987)).

The court may admit polygraph evidence if: (1) it is relevant; and (2) its probative value outweighs the risk of unfair prejudice. *Wolfel*, 823 F.2d at 972.

Here, certain co-conspirators agreed to cooperate with the Government and to testify at trial in exchange for the Government's recommendation for reduced sentences. Certain witnesses entered into Rule 11 Plea Agreements with the Government which require, as a condition of the plea, that they give truthful testimony, and submit to a government-administered polygraph examination upon request in order to verify their truthful cooperation.

The Court believes that if the Government introduces the Rule 11 Plea Agreements into evidence at trial, Defendant should have the ability to cross examine witnesses on all portions of the agreements, including provisions relating to polygraph examinations. By introducing the Rule 11 Plea Agreements, the Government opens the door to cross-examination on their contents. If Defendant is prohibited from cross-examining a witness regarding a polygraph, the jury might be left with the mistaken impression that the witness took a polygraph and passed. Defendant must be allowed to impeach the witness's credibility by demonstrating that the witness did not take a polygraph. The polygraph is relevant; it goes to credibility, and its probative value outweighs the risk of unfair prejudice. Whether a witness took a polygraph or not, does not implicate concerns over the inherent unreliability of test results.

Defendant does not provide the names of individuals who took or offered to take polygraph tests, nor does he allege any permissible purpose to admit polygraph evidence. And, the Government merely provides the Court a list of individuals who

were polygraphed by the F.B.I. The Court is unable to determine in a vacuum whether any additional polygraph evidence is admissible. The Court does not have information about any polygraph tests that were administered; the context in which they were administered; or, any other information regarding their relevancy and reliability. Without the details–and the purpose for which Defendant seeks to admit polygraph evidence–the Court cannot rule on their admissibility.

## III. CONCLUSION

The Government's motion is **DENIED** in part. Defendant may ask witnesses whether they submitted to polygraph examinations if their Rule 11 Agreements are admitted into evidence. The Court **RESERVES RULING** on the admissibility of polygraph evidence in any other context.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 28, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 28, 2011.

s/Linda Vertriest
Deputy Clerk