UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                 CASE NUMBER: 05-80025
                                               HONORABLE VICTORIA A. ROBERTS

v.

D-2 NORMAN DUNCAN,

        Defendant.
_____/

# ORDER

## I. INTRODUCTION

This matter is before the Court on the Government's motion in limine to admit evidence under Federal Rule of Evidence 404(b) (Doc. 791). On December 28, 2011, the Court issued an order scheduling an evidentiary hearing. A hearing was held on January 5, 2012. Though the Government originally sought to introduce 404(b) evidence regarding a 2000 armed robbery attempt and a 2004 armed robbery attempt, at the hearing the Government said it no longer sought to introduce evidence regarding the 2000 armed robbery attempt.

The Government's motion is **MOOT** as to the 2000 armed robbery attempt. The Court **GRANTS** the motion as to the 2004 armed robbery attempt.

## II. BACKGROUND AND ANALYSIS

On October 26, 2005, Defendant Norman Duncan was indicted in the Eastern District of Michigan for his role in a 2001 robbery and murder of a guard at the Dearborn Federal Credit Union, and a 2003 robbery of a Comerica Bank located at 13400 W.

Chicago, Detroit.

The Government alleges that Duncan was involved in a nearly identical crime: a 2004 attempted robbery at the same Comerica Bank as the 2003 robbery for which Duncan was indicted. In May 2004, Defendant pled guilty to the 2004 attempted robbery and is now incarcerated on that conviction.

The Government moved the Court to allow admission under Fed. R. Evid. 404(b) of evidence relating to the 2004 crime, as evidence that Duncan is guilty of the 2003 Comerica Bank robbery. The Government says this crime is admissible to show knowledge, and a pattern, or modus operandi, of a common plan or scheme. The Government provided a list of numerous alleged similarities between the 2004 Comerica Bank robbery attempt, and the 2003 Comerica Bank robbery.

At the evidentiary hearing, the Government reiterated the similarities between the 2003 robbery and the 2004 robbery attempt. Both: occurred at the same branch of Comerica Bank; involved the same armored truck company, Guardian; occurred at approximately 9:30-9:45 p.m.; involved a 9 mm handgun; and, in both, the robbers surveilled the bank to determine the night when the ATMs were replenished. The Government also stated that the method of execution for the two crimes is particularly persuasive as modus operandi evidence; in both, Defendant allegedly ambushed guards from a moving vehicle, firing multiple times without warning.

The Government says that one of the guard victims of the 2004 robbery attempt, Anthony Boiko, will testify at trial to the details of the crime. The Government also says that it is in the process of obtaining Defendant's plea transcripts from his 2004 guilty plea and conviction in state court. Lastly, the Government says it will provide the Court

with statements Defendant made to police regarding surveillance prior to the 2004 attempt.

Defendant expressed concerns that admission of evidence regarding the 2004 attempt would confuse the jury and unduly prejudice him. Defendant believes that admission of evidence about the death of Defendant's friend, Eddie Cromer, during the 2004 robbery would confuse the jury because the jury would then have two deaths to consider, despite the fact that Defendant is charged only in connection with the one death that occurred at the Dearborn Federal Credit Union. Defendant also says evidence of Cromer's death would prejudice him by association. Defendant disputes that the 2004 robbery has any probative value at all; he expressed doubts that the alleged similarities rise to the level of a distinct signature admissible as modus operandi evidence.

Federal Rule of Evidence 404(b) states in relevant part:

(b) Other Crimes, Wrongs, or Acts—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

Before admitting 404(b) evidence, the Court must: (1) make a preliminary finding that sufficient evidence exists that the other act occurred; (2) determine whether the other act is admissible for a proper purpose under Rule 404(b); and (3) determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice. *United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010).

Defendant's guilty plea and conviction satisfy step one of this test: that sufficient evidence exists that the act occurred. The Court also finds that the 2004 attempt is

admissible to show modus operandi and knowledge. In order for other crimes to be admissible as evidence of modus operandi, they must be so unique as to constitute a signature. *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006). They need not be identical in every detail, though. *United States v. Hamilton*, 684 F.2d 380, 85 (6th Cir. 1982). As the Government pointed out at the hearing, the 2003 robbery and the 2004 robbery attempt are nearly identical in every respect. Additionally, the ambush technique allegedly used by Defendant in both robberies is sufficiently unique to separate these crimes from run of the mill bank robberies, and to constitute a signature. The 2004 crime may also be introduced to show knowledge: the Government alleges that Defendant formerly worked for Guardian, had driven the Guardian route as an employee, and knew the policies and procedures of the Guardian employees refilling the ATMs. This knowledge would have facilitated Defendant's commission of the crimes.

Lastly, the evidence's probative value is not substantially outweighed by the danger of unfair prejudice. The Government is forbidden from mentioning anything regarding Eddie Cromer's death in connection with the 2004 robbery attempt. Additionally, the Government will provide the Court with a limiting instructing that will be read to the jury prior to the introduction of any 404(b) evidence and when the jury is charged.

### III.     CONCLUSION

For these reasons, the Government may introduce evidence of the 2004 armed

robbery attempt to show modus operandi and knowledge. The Government's motion is

**GRANTED**.

    **IT IS ORDERED.**

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: January 6, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 6, 2012.

S/Linda Vertriest
Deputy Clerk

---